IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MINDALE FARMS CO., | ) | CASE NO. 5:23-cv-00424 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| CITY OF TALLMADGE, OHIO, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

Plaintiff Mindale Farms Co. sues the City of Tallmadge over a zoning dispute. Specifically, Mindale Farms seeks to have a parcel of its land zoned as an R-6 residential district so that it can partner with a developer to build a new residential subdivision. Tallmadge opposes Mindale Farms' lawsuit. But worried that Tallmadge will not adequately represent their interests, six residents living near Mindale Farms' parcel of land—Vincent Putaturo, William Conley, Donna Conley, Bill Clark, Sonja Clark, and Gary Villers ("Proposed Intervenors")— seek to intervene and to defend against Mindale Farms' claims.

Before the Court is Proposed Intervenors' motion to intervene. (Doc. No. 17.) Tallmadge did not respond to Proposed Intervenors' motion, but Mindale Farms filed an opposition. (Doc. No. 18.) Proposed Intervenors then replied. (Doc. No. 19.) Recently, Proposed Intervenors also moved to supplement their intervention motion with new facts related to mediation between the named parties in this case. (Doc. No. 29.) Mindale Farms again opposed (Doc. No. 30), and Proposed Intervenors replied. (Doc. No. 31.)

In *Wineries of the Old Mission Peninsula Association v. Township of Peninsula*, 41 F.4th

767 (6th Cir. 2022), the Sixth Circuit held that property owners were entitled to intervention of right in similar circumstances. Because *Wineries* is binding precedent, and it is on all fours with the facts here, Proposed Intervenors may intervene of right. Therefore, the Court GRANTS Proposed Intervenors' motion to intervene.[1] And because Proposed Intervenors' original motion contains sufficient facts to justify intervention, the Court DENIES AS MOOT Proposed Intervenors' motion to supplement.

## I. Background

Plaintiff Mindale Farms owns multiple undeveloped parcels of land in the City of Tallmadge. (Doc. No. 1 at ¶ 1.) At issue in this lawsuit is a parcel of former farmland that is now surrounded by residential subdivisions. (*Id.*) According to Mindale Farms, it is no longer practical to farm on that parcel (*id.* at ¶ 31), so Mindale Farms sought to partner with a real estate developer to transform that parcel into a residential subdivision. (*Id.* at ¶¶ 39–41.) But allegedly, such development is economically feasible only under the zoning rules for R-6 districts, not under the zoning rules for other residential districts. (*Id.* at ¶¶ 33–38.) As such, Mindale Farms applied to rezone that parcel as an R-6 district. (*Id.* at ¶ 42–44.)

After purportedly expressing disapproval of the smaller lot sizes allowed in R-6 districts (*id.* at ¶¶ 68–69), the Tallmadge City Council denied Mindale Farms' rezoning application. (*Id.* at ¶ 70.) Shortly afterwards, the City Council repealed the R-6 district altogether. (*Id.* at ¶ 86.)

## II. Discussion

### A. Intervention of Right

Federal Rule of Civil Procedure 24(a)(2) governs intervention of right. Under Rule 24(a)(2), a party may intervene if it (1) files a timely motion showing that (2) it has a substantial

---

[1] Since the Court finds that Proposed Intervenors may intervene of right, it does not address Proposed Intervenors' arguments for permissive intervention.

legal interest in the case, (3) its absence from the case would impair this interest, and (4) this interest is not adequately represented by the existing parties in the case. *Wineries*, 41 F.4th at 771 (citation omitted).

### 1. Timeliness

Proposed Intervenors filed their motion to intervene shortly after the initial case management conference and well before the close of discovery (*see* Doc. No. 17), and Mindale Farms does not argue that Proposed Intervenors' motion came too late. (Doc. No. 18 at 7–14.) Accordingly, the Court finds that Proposed Intervenors' motion is timely.

### 2. Substantial Interest

There is no clear line separating substantial from insubstantial interests. Determining substantiality requires a "fact-specific" inquiry that turns on the unique circumstances of a given case. *Wineries*, 41 F.4th at 772 (quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). In considering substantiality, courts in this circuit apply an "expansive notion of the interest sufficient to invoke intervention of right." *Mich. State AFL-CIO*, 103 F.3d at 1245. This means that intervenors need not identify "a specific legal or equitable interest." *Wineries*, 41 F.4th at 772 (quoting *Mich. State AFL-CIO*, 103 F.3d at 1245). It is enough that the interest is "significantly protectable." *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989).

In *Wineries*, the Sixth Circuit dealt with a case closely analogous to this one. There, a group of vineyards sued the defendant township over zoning ordinances that limited the vineyards' ability to host commercial guest activities and make retail wine sales. *Wineries*, 41 F.4th at 769–70. A group of local property owners who lived near the vineyards sought to intervene. *Id.* at 770–71. The group argued that they had a substantial interest in intervening because, if the vineyards successfully challenged the zoning ordinances, increased commercial

activity at the vineyards could decrease the values of the group members' nearby properties, diminish the group members' quiet enjoyment of their properties, and create additional traffic that might decrease accessibility to the group members' properties. *Id.* at 772–73. The Sixth Circuit concluded that these property interests, though indirect, were substantial. *Id.* at 773.

Significantly, state nuisance law allowed the local property owners to defend those property interests by suing the vineyards for injunctive relief if the vineyards violated current zoning ordinances. *Id.* As the Sixth Circuit explained, the possibility that the vineyards' litigation could invalidate the current zoning ordinances, therefore depriving the local property owners of a legal avenue for protecting their property interests, was enough to create a substantial interest under Rule 24(a)(2). *Id.*

Here, Proposed Intervenors claim property interests much like those of the property owners in *Wineries*. Proposed Intervenors live near the Mindale Farms property at issue in this case. (*See* Doc. No. 1 at ¶ 24; Doc. Nos. 20-1 to -6.) Proposed Intervenors say that if Mindale Farms succeeds in rezoning its land into a high-density residential area, they fear that their property values will be reduced due to increased traffic, and that they will lose quiet enjoyment of their properties. (Doc. No. 17 at 6; Doc. Nos. 20-1 to -6.) Under the status quo, Proposed Intervenors can guard against these concerns even if Tallmadge does not because they can personally sue for an injunction if Mindale Farms violates the current zoning rules. *See* Ohio Rev. Code. § 713.13. If Mindale Farms prevails and the parcel is rezoned, Proposed Intervenors will lose this remedy. Thus, under *Wineries*, Proposed Intervenors have a substantial interest.

Mindale Farms offers three counterarguments, but none are persuasive.

*First*, Mindale Farms contends that Proposed Intervenors failed to support their interests with evidence. (Doc. No. 18 at 8–9.) According to Mindale Farms, this renders Proposed

Intervenors' motion deficient, and it distinguishes this case from *Wineries*. (*Id.* at 10.)

However, Proposed Intervenors *have* submitted evidence. Along with their reply, Proposed Intervenors filed affidavits attesting that they own properties near the Mindale Farms parcel at issue, and that they are concerned about decreases in their property values and quiet enjoyment if Mindale Farms were to prevail. (*See* Doc. Nos. 20-1 to -6.)

While courts normally do not consider new evidence on reply without giving the opposing party a chance to respond, *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 477 (6th Cir. 2002), the Court finds it appropriate to consider the affidavits here for two reasons. For one, Proposed Intervenors' affidavits do not supply new evidence. The affidavits merely formalize as evidence the claims that Proposed Intervenors already made in their opening brief about Proposed Intervenors' interests. (Doc. No. 17 at 6.) And the affidavits did so in response to Mindale Farms' claim that evidence was lacking. *See Key v. Shelby Cnty.*, 551 F. App'x 262, 264 (6th Cir. 2014) (holding "affidavits that merely responded to [the plaintiff's] arguments presented in her response brief . . . did not supply new evidence [that is] material").

Moreover, even if the affidavits supplied new evidence, Mindale Farms has had about six months to either object, move to strike, move to file a sur-reply, or otherwise respond to the affidavits. Mindale Farms did not do so, therefore conceding that the Court can consider the affidavits. *Perkins v. Rock-Tenn Servs., Inc.*, 700 F. App'x 452, 460 (6th Cir. 2017) (district court could admit a reply affidavit when the opposing party failed respond to that affidavit in the four months before the district court ruled); *cf. Key*, 551 F. App'x at 265 (district court could deny leave to file a sur-reply in response to new reply evidence when the plaintiff delayed six months before filing her motion for leave).

*Second*, Mindale Farms argues that the potential impacts to Proposed Intervenors' properties are too indirect to be substantial. (Doc. No. 18 at 9.) But in making this argument, Mindale Farms relies exclusively on non-binding district court decisions that either predate *Wineries* or come from out of circuit. (*See id.* at 9–10.) *Wineries* controls over Mindale Farms' cited cases. And as the Court explained above, Proposed Intervenors' interests are substantial under *Wineries*.

*Third*, Mindale Farms claims that Proposed Intervenors' interest is too generalized to be substantial. (*Id.* at 11.) Again, *Wineries* forecloses this argument. When an intervenor has property interests that arise specifically from the proximity between the intervenor's property and the land at issue in a zoning dispute, those interests are substantial ones, not generalized ideological interests. *Wineries*, 41 F.4th at 773. Since Proposed Intervenors live near the parcel at issue here, their interests are substantial.

Accordingly, the Court concludes that Proposed Intervenors have satisfied the second element for intervention of right.

### 3. Impairment of Interest

"[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Id*. at 774 (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)). "This burden is minimal." *Id*. Thus, an interest is impaired for intervention purposes when "disposition of the present action would put the movant at a practical disadvantage in protecting its interest." *Id.* (quoting 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1908.2 (3d ed. 2022). This occurs when invalidating a zoning ordinance would eliminate one of an intervenor's potential legal claims under state law. *Id.* As noted above, Proposed Intervenors' ability to protect their property interests by filing claims

under Ohio Revised Code § 713.13 would be limited if Mindale Farms were to succeed in this lawsuit. So, Proposed Intervenors' interests would be impaired absent intervention.

### 4. Adequate Representation

When a potential intervenor and existing party to a lawsuit have the "same ultimate objective," courts presume that the potential intervenor is adequately represented. *Wineries*, 41 F.4th at 774 (quoting *United States v. Michigan*, 424 F.3d 438, 443–44 (6th Cir. 2005)). That presumption can be rebutted by showing that the existing party to the lawsuit has "interests adverse to the interven[o]r." *Id.* (quoting *Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000)). In assessing the alignment of interests, courts ask more than whether the present goals of the potential intervenor and existing party are the same. The focus "is not on *what* [an existing party] has done, but *why* it is doing it." *Id.* at 776 (emphasis in original). Put differently, a potential intervenor can rebut the presumption of adequate representation by demonstrating that an existing party's "underlying incentives for litigating the case" differ from those of the potential intervenor. *Id.* (citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984)). This is because "certainty about future events is not required," so "Rule [24(a)] is satisfied if the [potential intervenor] shows that representation of his interest '*may be*' inadequate" later in litigation. *Id.* at 774 (first alteration and emphasis in original) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).

Like before, *Wineries* controls. In *Wineries*, the Sixth Circuit found that the defendant township did not adequately represent the intervening residents because the township faced money damages while the intervening residents did not, and because the township represented everyone in the township while the intervening residents were more narrowly focused on their own property interests. *Id.* at 775–77.

The same divergence of interests exists in the instant case. Defendant Tallmadge is subject to potential money damages, unlike Proposed Intervenors, creating an incentive for Tallmadge to settle where Proposed Intervenors might not. (Doc. No. 1, Prayer for Relief, at ¶ A.) And Tallmadge represents the entirety of its residents' interests while Proposed Intervenors represent the narrower interests of those who live near the Mindale Farms parcel at issue. Consequently, Tallmadge does not adequately represent Proposed Intervenors.

Mindale Farms attempts to avoid this conclusion by arguing that the potential for settlement is too speculative. (Doc. No. 18 at 13.) But as the *Wineries* court held, differences in exposure to monetary liability render representation inadequate. *Wineries*, 41 F.4th at 776. And *Wineries* also made clear that Proposed Intervenors do not need to show that Tallmadge would inevitably become misaligned with them in the future, only that Tallmadge *may* become misaligned as litigation progresses. *Id.* at 774.

Finally, Mindale Farms again points to non-binding district court decisions predating *Wineries* to suggest that the possibility of settlement due to money damages could not legally support a finding of inadequate representation. (Doc. No. 18 at 13.) And again, the Court rejects that argument because, to the extent Mindale Farms' case law conflicts with *Wineries*, the Sixth Circuit's binding decision in *Wineries* takes precedence.

In conclusion, the Court finds that Proposed Intervenors have satisfied all four prongs of the test for intervention of right. As a result, the Court GRANTS the motion to intervene.

**B. Procedural Issues**

Secondarily, Mindale Farms argues that the Court should deny intervention because Proposed Intervenors have not attached their own pleading, as required by Rule 24(c). (Doc. No. 18 at 7.) Instead, Proposed Intervenors adopted Tallmadge's answer. (Doc. No. 17-1.)

Although Proposed Intervenors should have attached their own pleading, the Sixth

Circuit takes a lenient approach to Rule 24(c).  Courts should not deny intervention solely because an intervenor failed to attach a pleading, particularly when it is clear what the grounds for intervention are.  *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314–15 (6th Cir. 2005).  In this case, Proposed Intervenors made their grounds for intervention clear in their motion, so the Court excuses Proposed Intervenors' failure to attach their own pleading for purposes of ruling on Proposed Intervenors' motion.  However, Proposed Intervenors must file their own pleading within **14 days** of this Order.

### C. Motion to Supplement

In finding that Proposed Intervenors could intervene of right, the Court relied only on arguments and evidence submitted with the original intervention briefing.  There is no need to consider the additional supporting information that Proposed Intervenors raise in their motion to supplement.  As such, the Court DENIES AS MOOT the motion to supplement.

### III. Conclusion

The Court GRANTS the motion to intervene and DENIES AS MOOT the motion to supplement.  Proposed Intervenors must file their own responsive pleading within **14 days** of this Order.  If Proposed Intervenors intend to file a Rule 12 motion, they must also do so within **14 days** of this Order.  Any opposition to the Rule 12 motion will be due within **7 days** of the motion.  Any reply will be due within **7 days** of the opposition.  Proposed Intervenors are advised that they should only file a Rule 12 motion if they intend to bring new arguments that are not duplicative of those arguments raised in Tallmadge's pending motion for judgment on the pleadings.  (Doc. No. 21.)  The Court will not consider any Rule 12 motion that contains only duplicative arguments.  If Proposed Intervenors intend to join Tallmadge's pending Rule 12

motion, a notice of joinder in Tallmadge's Rule 12 motion must be filed within **14 days** of this Order.

    **IT IS SO ORDERED.**

**Date:** February 8, 2024

                                              BRIDGET MEEHAN BRENNAN
                                              UNITED STATES DISTRICT JUDGE